|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 5:19-cv-01799-FLA (SHKx) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART STIPULATION TO CONTINUE TRIAL DATE AND RELATED PRETRIAL DATES [DKT. 37]** |
| v. | |
| RUBEN JAMES ROJAS, | |
| Defendant. | |

On August 2, 2021, the court issued the operative scheduling order in this action, setting the Final Pretrial Conference for April 29, 2022, and the jury trial for May 10, 2022. Dkt. 29. On February 11, 2022, the parties filed the subject third Stipulation to Continue Trial Date and Related Pretrial Dates ("Stipulation"), requesting the court continue the trial from May 10, 2022, to a date from September 19, 2022, to November 28, 2022, along with all remaining pretrial dates and deadlines. Dkt. 37. The parties request the continuance on the grounds that lead trial counsel for Plaintiff the Securities and Exchange Commission ("SEC" or "Plaintiff"), Andrew J. Hefty ("Hefty"), who resides in San Francisco, is not available to travel to Los Angeles for trial, from May 16, 2022, to May 19, 2022, due to sole parental childcare responsibility for a young child during that time period. *Id.* at 1.

As stated in the court's Initial Standing Order, the court has a strong interest in keeping scheduled dates certain and changes in dates are disfavored. Dkt. 24 at 16. Therefore, a stipulation to continue the date of any matter before the court must be supported by a sufficient factual basis that demonstrates good cause for why the change in the date is essential. To show good cause for a continuance, a party must provide specific, detailed, and non-conclusory reasons for granting the extension, including a showing of diligence in pursuing the litigation. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause showing); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting that the standard focuses on a party's diligence and that "the inquiry should end" when diligence is not shown). The parties do not meet their burden.

Five attorneys have appeared on behalf of Plaintiff in this action, and Hefty is not listed as the lead attorney for Plaintiff in the court docket. Although Plaintiff identifies Hefty as its lead trial counsel, Plaintiff does not offer any explanation for why Hefty's appearance on behalf of the SEC at trial is necessary or why other SEC attorneys cannot try this matter on the days in which he is unavailable. Plaintiff additionally offers no explanation for why a trial continuance to a date after

September 19, 2022, is necessary when Hefty has stated only that he is unavailable from May 16, 2022, to May 19, 2022. *See* Dkt. 37 at 1.

Accordingly, the court finds the parties have failed to establish good cause for the requested continuance. Nevertheless, the court will exercise is discretion to continue the trial to July 26, 2022, at 9:00 a.m., and the Final Pretrial Conference to July 8, 2022, at 1:00 p.m. to accommodate Plaintiff's lead trial counsel. Otherwise, the Stipulation is DENIED.

IT IS SO ORDERED.

Dated: February 22, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge