JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

RUBEN JAMES ROJAS,

Defendant.

Case No. 5:19-cv-01799-FLA (SHKx)

**FINAL JUDGMENT AS TO
DEFENDANT RUBEN JAMES
ROJAS [DKT. 79]**

On September 19, 2019, Plaintiff the Securities and Exchange Commission ("Plaintiff" or the "Commission") filed a Complaint in the action.  Dkt. 1.  On October 27, 2022, Defendant Ruben James Rojas ("Defendant" or "Rojas"), having entered a general appearance and consented to the court's jurisdiction over Defendant and the subject matter of this action, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, waived any right to appeal from this Final Judgment, admitted the facts set forth in the Consent of Defendant Ruben James Rojas ("the Consent"), and acknowledged that his conduct violated the federal securities laws.  Dkt. 79.

Accordingly:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(d)(5), Defendant is permanently restrained and enjoined from participating in any

1  offering of municipal securities, as defined in Section 3(a)(29) of the Exchange Act, 15

2  U.S.C. § 78c, including engaging in activities with a broker, dealer, or issuer for purposes

3  of issuing, trading, or inducing or attempting to induce the purchase or sale of any

4  municipal security.

5       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to

6  Section 21(d)(5) of the Exchange Act, 15 U.S.C. § 78u(d)(5), Defendant is (a)

7  permanently restrained and enjoined from directly, or indirectly, (i) participating in any

8  issuance, purchase, offer, or sale of municipal securities, as defined in Section 3(a)(29) of

9  the Exchange Act, 15 U.S.C. § 78c(a)(29), including but not limited to engaging or

10 communicating with a broker, dealer, municipal securities dealer, municipal advisor,

11 bond insurer, nationally recognized statistical rating organization, investor, issuer or

12 obligated person for purposes of issuing, purchasing, offering, or selling any municipal

13 security; and (ii) participating in the preparation of any materials or information, which

14 Defendant should reasonably expect to be submitted to the Municipal Securities

15 Rulemaking Board's Electronic Municipal Market Access system in connection with an

16 offering or a continuing disclosure obligation, or which Defendant should reasonably

17 expect to be provided to investors in connection with any offering (including a private

18 placement) of municipal securities, provided however, that such injunction shall not

19 prevent Defendant from purchasing or selling municipal securities for his own personal

20 account; and (b) ordered to provide a copy of the Final Judgment by email or mail within

21 10 days of the entry of the Final Judgment to any issuer of municipal securities or

22 obligated person with which Defendant is employed as of the date of the entry of the

23 Final Judgment.

24      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

25 Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

26 following who receive actual notice of this Final Judgment by personal service or

27 otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b)

28

1  other persons in active concert or participation with Defendant or with anyone described

2  in (a).

3                                             III.

4        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

5  shall pay a civil penalty in the amount of $50,000 to the Securities and Exchange

6  Commission pursuant to Section 20(d)(1) of the Securities Act, 15 U.S.C. § 77u(d)(3).

7  Defendant shall make this payment pursuant to the terms of the payment schedule set

8  forth in paragraph IV below after entry of this Final Judgment.

9        Defendant may transmit payment electronically to the Commission, which will

10 provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be

11 made directly from a bank account via Pay.gov through the SEC website at

12 http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check,

13 bank cashier's check, or United States postal money order payable to the Securities and

14 Exchange Commission, which shall be delivered or mailed to:

15       Enterprise Services Center
         Accounts Receivable Branch
16       6500 South MacArthur Boulevard
17       Oklahoma City, OK 73169

18 and shall be accompanied by a letter identifying the case title, civil action number, and

19 name of this court; Ruben James Rojas as a defendant in this action; and specifying that

20 payment is made pursuant to this Final Judgment.

21       Defendant shall simultaneously transmit photocopies of evidence of payment and

22 case identifying information to the Commission's counsel in this action.  By making this

23 payment, Defendant relinquishes all legal and equitable right, title, and interest in such

24 funds, and no part of the funds shall be returned to Defendant.  The Commission shall

25 send the funds paid pursuant to this Final Judgment to the United States Treasury.

26       The Commission may enforce the court's judgment for penalties by the use of all

27 collection procedures authorized by law, including the Federal Debt Collection

28 Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation

                                              3

1    of any court orders issued in this action.  Defendant shall pay post-judgment interest on

2    any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. §

3    1961.

4                                                IV.

5         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ruben James

6    Rojas shall pay the total penalty due of $50,000 to the Commission according to the

7    following schedule: (1) $10,000 within ten (10) days of entry of this Final Judgment; (2)

8    the remaining $40,000, together with post-judgment interest, within 365 days after entry

9    of this Final Judgment.  Payments shall be deemed made on the date they are received by

10   the Commission and shall be applied first to post-judgment interest, which accrues

11   pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of

12   Final Judgment.  Prior to making the final payment set forth herein, Ruben James Rojas

13   shall contact the staff of the Commission for the amount due for the final payment.

14                                               V.

15        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

16   incorporated herein with the same force and effect as if fully set forth herein, and that

17   Defendant shall comply with all of the undertakings and agreements set forth therein.

18                                              VI.

19        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes

20   of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §

21   523, the allegations in the complaint are true and admitted by Defendant, and further, any

22   debt for disgorgement, prejudgment interest, civil penalty or other amounts due by

23   Defendant under this Final Judgment or any other judgment, order, consent order, decree

24   or settlement agreement entered in connection with this proceeding, is a debt for the

25   violation by Defendant of the federal securities laws or any regulation or order issued

26   under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §

27   523(a)(19).

28   / / /

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: October 31, 2022

_____

FERNANDO L. AENLLE-ROCHA
United States District Judge