UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>RUBEN JAMES ROJAS,<br><br>                    Defendant. | Case No. 5:19-cv-01799-FLA (SHKx)<br><br>**AMENDED FINAL JUDGMENT AS TO DEFENDANT RUBEN JAMES ROJAS [DKT. 81]** |

On September 19, 2019, Plaintiff the Securities and Exchange Commission ("Plaintiff" or the "Commission") field a Complaint in the action.  Dkt. 1.  On October 27, 2022, Defendant Ruben James Rojas ("Defendant" or "Rojas"), having entered a general appearance and consented to the court's jurisdiction over Defendant and the subject matter of this action, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, waived any right to appeal from this Final Judgment, admitted the facts set forth in the Consent of Defendant Ruben James Rojas ("the Consent"), and acknowledged that his conduct violated the federal securities laws.  Dkt. 79.

Accordingly:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(d)(5), Defendant is (a) permanently restrained and enjoined from

directly, or indirectly, (i) participating in any issuance, purchase, offer, or sale of municipal securities, as defined in Section 3(a)(29) of the Exchange Act, 15 U.S.C. § 78c(a)(29), including but not limited to engaging or communicating with a broker, dealer, municipal securities dealer, municipal advisor, bond insurer, nationally recognized statistical rating organization, investor, issuer or obligated person for purposes of issuing, purchasing, offering, or selling any municipal security; and (ii) participating in the preparation of any materials or information, which Defendant should reasonably expect to be submitted to the Municipal Securities Rulemaking Board's Electronic Municipal Market Access system in connection with an offering or a continuing disclosure obligation, or which Defendant should reasonably expect to be provided to investors in connection with any offering (including a private placement) of municipal securities, provided however, that such injunction shall not prevent Defendant from purchasing or selling municipal securities for his own personal account; and (b) ordered to provide a copy of the Final Judgment by email or mail within 10 days of the entry of the Final Judgment to any issuer of municipal securities or obligated person with which Defendant is employed as of the date of the entry of the Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000 to the Securities and Exchange Commission pursuant to Section 20(d)(1) of the Securities Act, 15 U.S.C. § 77u(d)(3).

Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Ruben James Rojas as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

/ / /

/ / /

3

#### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ruben James Rojas shall pay the total penalty due of $50,000 to the Commission according to the following schedule: (1) $10,000 within ten (10) days of entry of this Final Judgment; (2) the remaining $40,000, together with post-judgment interest, within 365 days after entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Ruben James Rojas shall contact the staff of the Commission for the amount due for the final payment.

#### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

#### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

///

///

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: November 18, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge